1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10                          ----oo0oo----

11

12   JOHN DOE and JANE DOE,            No. 2:22-cv-01841 WBS CKD

13            Plaintiffs,

14       v.                            ORDER RE: PLAINTIFFS' MOTION
                                       TO PROCEED UNDER PSEUDONYM
15   ANTONY J. BLINKEN, in his         AND REQUEST TO SEAL
     official capacity as U.S.
16   Secretary of State; JULIE M.
     STUFFT, in her official capacity
17   as Acting Deputy Assistant
     Secretary and Managing Director
18   for Visa Services, Bureau of
     Consular Affairs; JONATHAN K.
19   WEBSTER, in his official
     capacity as Consul General of
20   the U.S. Embassy Abu Dhabi; and
     UR MENDOZA JADDOU, in her
21   official capacity as Director of
     USCIS,
22
              Defendants.
23

24                          ----oo0oo----

25            This mandamus action seeks to compel defendants to

26   issue a decision on plaintiff Jane Doe's derivative asylum

27   application.  Plaintiffs now move unopposed to proceed under

28

                                  1

1  pseudonyms and request to seal a document inadvertently filed

2  with an unredacted name.  (Docket Nos. 2, 7.)

3          Rule 10(a) provides that "the complaint must name all

4  the parties."  Fed. R. Civ. P. 10(a).  "The normal presumption in

5  litigation is that parties must use their real names."  Doe v.

6  Kamehameha Sch./Bernice Pauahi Bishop Estate, 596 F.3d 1036, 1042

7  (9th Cir. 2010).  However, a party may proceed under pseudonym

8  "in special circumstances when the party's need for anonymity

9  outweighs prejudice to the opposing party and the public's

10 interest in knowing the party's identity," including when

11 necessary to "'protect a person from harassment, injury, ridicule

12 or personal embarrassment.'"  Does I thru XXIII v. Advanced

13 Textile Corp., 214 F.3d 1058, 1067-68 (9th Cir. 2000) (quoting

14 United States v. Doe, 655 F.2d 920, 922 n.1 (9th Cir. 1981)); see

15 also United States v. Stoterau, 524 F.3d 988, 1012 (9th Cir.

16 2008).

17         Plaintiffs argue that it is necessary to proceed under

18 pseudonyms because Jane Doe and their families face a risk of

19 religious persecution In Iran if their real names are used.

20 (Def.'s Mem. (Docket No. 2-1) at 2.)  Plaintiff John Doe is a

21 lawful permanent resident of the United States.  (Decl. of John

22 Doe ("Doe Decl.") (Docket No. 2-2) ¶ 1.)  He is a native of Iran

23 who converted to Christianity and was granted asylum in 2016 due

24 to a risk of religious persecution if he returned to Iran.  (Id.

25 ¶¶ 1, 7, 9-10.)  However, plaintiff Jane Doe, John Doe's wife,

26 currently resides in Iran because her derivative asylum

27 application is pending.  (Id. ¶ 2.)  Plaintiffs "are very

28 secretive" about John Doe's religious conversion and asylum,

2

1   "even to [their] family members because of the consequences to

2   [Jane Doe]."  (Id. ¶ 21.)  It is "illegal in Iran for a Muslim

3   woman to be married to a non-Muslim man."  (Id. ¶ 20.)  As such,

4   if Jane Doe's family were to learn of her husband's religious

5   conversion, she would "very likely . . . be forced to divorce

6   [him] under Iranian Law."  (Id. ¶ 23.)  Further, if the Iranian

7   government were to learn of John Doe's conversion, his wife and

8   both plaintiffs' families residing in Iran would be at risk of

9   religious persecution, including "house raids, physical violence,

10  harassment, and arrests."  (Id. ¶ 24.)

11          The court finds that the risk of religious persecution

12  to Jane Doe in Iran, outweighs the public's interest in knowing

13  the parties' identities.  See Does I thru XXIII, 214 F.3d at

14  1067-68.  Plaintiffs' fear of persecution is reasonable based on

15  their membership in a vulnerable religious minority and the

16  severity of the potential harm, which includes possible

17  harassment and physical violence.  See Advanced Textile Corp.,

18  214 F.3d at 1069 (The court "conclude[s], based on the extreme

19  nature of the retaliation threatened against plaintiffs coupled

20  with their highly vulnerable status, that plaintiffs reasonably

21  fear severe retaliation, and that this fear outweighs the

22  interests in favor of open judicial proceedings.")

23          The government has found this threat of persecution to

24  be credible, as it granted John Doe asylum.  (See Doe Decl. ¶¶ 9-

25  10.)  The risk to plaintiffs' family members living in Iran also

26  weighs in favor of granting plaintiffs' request.  See id. at 1070

27  (finding that district court abused discretion in denying motion

28  to proceed under pseudonym where plaintiffs feared reprisal

3

1   against family members living in China).

2          Plaintiffs have expressed willingness to disclose their

3   true identities to the court and opposing counsel under seal, and

4   do not otherwise request that court filings be sealed.  (See

5   Def.'s Mem. at 2.)  Party anonymity therefore will "not

6   significantly obstruct the public's view of issues . . . or the

7   court's performance in resolving them.'"  Doe v. Ayers, 789 F.3d

8   944, 946 (9th Cir. 2015) (quoting Advanced Textile Corp., 214

9   F.3d at 1068) (alterations adopted).  There also does not appear

10  to be any risk of prejudice to the defendants, who have not

11  opposed the motion and would be privy to plaintiffs' true

12  identities.

13         In light of the foregoing, "[n]o factors weigh against

14  concealing plaintiffs' identities."  See Advanced Textile Corp.,

15  214 F.3d at 1069.  See also Doe v. Risch, 398 F. Supp. 3d 647,

16  647 (N.D. Cal. 2019) (noting that the court had previously

17  granted permission to proceed under pseudonyms for Christians and

18  other religious minorities from Iran); Jane Doe 1 v. Nielsen, 357

19  F. Supp. 3d 972, 980 (N.D. Cal. 2018) (same); Doe v. Dordoni, 806

20  F. App'x 417, 418 (6th Cir. 2020) (noting that the district court

21  allowed Christian plaintiff from Saudi Arabia to proceed under

22  pseudonym due to fear of religious persecution).  Accordingly,

23  plaintiffs' motion will be granted.

24         IT IS THEREFORE ORDERED that plaintiffs' motion for

25  leave to proceed under pseudonym (Docket No. 2) and request to

26  seal (Docket No. 7) be, and the same hereby are, GRANTED.

27  Pursuant to Local Rule 141, the unredacted Exhibit B (Docket No.

28  1-2) shall be SEALED until further order of this Court.

Dated:   November 17, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE